In The United States District Court For The Northern District of Alabama Southern Division

FILED
2008 NOV 13 PM 4:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

Rodney Alverson
Pro'se  Plaintiff

vs.

① Microsoft Corporation,
② Bill Gates,
③ Scott Stein,
    Defendant's

Case no.: _____

CV-08-J-2125-S

Alverson v. Microsoft Corporation et al                    Doc. 1

## Civil Action Complaint

Comes now the plaintiff proceeding pro'se and hereby files this Complaint pursuant to 15 U.S.C. § 1125(a) at section 43(a) of the Lanham Act, and in violation of False advertising, and Unfair Trade Regulation's,

## History

In 2007, the plaintiff received a legal copy of a Microsoft Windows XP Professional C.D. from Debra Wilson (exhibit A) so he may re-install XP Professional on his personal Computer, (here on out refered to as P.C. and XP) and the (End-Users License Agreement)

①

here on out will be refered to as (EULA).

The plaintiff knew a Kevin James at the Company called Jewelry Pawn Outlet, the manger of that Company, at which the plaintiff allowed him, (Kevin James) to use the X.P; C.D. to re-install XP on his Company Computer's, because the previous full version of XP had Crashed, and Mr. James needed a full version of XP to re-install and activate useing his previous license on each computer, Kevin James re-installed the XP C.D. on four 4 of his Company computer's and had them activated.

In <u>August 2007</u>, the plaintiff did replace his P.C's hard drive with a 80 gig, a new one because his old hard drive had Crashed as well, the previous version of Windows was XP Professional and was installed before the plaintiff bought his computer from Jeweley Pawn Outlet, XP Professional with service pact (2).

Plaintiff re-installed XP Professional (exhibit A) on his P.C. but did not activate the product.

The plaintiff re-installed Windows XP Professional on his Computer, because Microsoft's End-User License Agreement, (EULA) (exhibit B) allows the plaintiff a limited <u>30 days use</u> after the product is installed before being activated, further the (EULA) allows the plaintiff to activate the XP product on a separate license, the original license that came with the plaintiff's computer when he first bought it, the activation box to activate the product allows the Key Code (license key) to be changed for a separate license, but to use the product

in (exhibit A) you or a user must use the key code that came with the product, furthermore the (EULA) also tell's the plaintiff that the product may be re-installed upon a hardware change.

The plaintiff allowed Kevin James to use the XP C.D. because the instruction's on the product clearly read that a Company may use the product on it's P.C.'s that already had a full version of Windows XP with service pack (2) and Mr James activated each Computer with it's current license, (C.O.A)

On August 27th 2007, the Jefferson County Sheriff's department executed a search warrant on the plaintiff and his property (exhibit C) looking or searching for the Microsoft XP, product C.D. The search warrant was based on a search warrant affidavit (exhibit D) and in that affidavit was alleged by a Microsoft's legal Counsel Scott Stein by a E-Mail (exhibit E), that the Key code, (license key) supplied with the XP product was only good for one Computer, the Jefferson County Sheriff's department seized alot of property that had nothing to do with the XP product or Key code (license key) (exhibit F), executing the warrant at the time that the plaintiff's Computer was seized, he was in or on his 18th eighteenth day use of his 30 day trial limited use of the XP product, which had not been activated on his Computer.

On January 11th 2008, a grand jury returned (2) indictment's against the plaintiff for his use

of the Microsoft XP product, (exhibit G, H) the plaintiff proceeded to trial on September 22nd 2008, at trial the plaintiff explained the following facts to the Court and to the jury, that were not disputed by the State:

① The plaintiff explained that he thought he could re-install the XP product and activate it with his current license that came with his computer which was on a lable or sticker on the side panell of his computer which has a diffrent Key code (license key) for XP, Pro, and as explained by the (EULA) called (C.O.A)

② And that untill he does activate the product, he thought he had a <u>30 day limited use</u> untill a Mandatory Activation.

③ And that the plaintiff thought he could re-install the XP product because he changed hardware (his hard drive)

④ And that the plaintiff allowed Kevin James to use the XP product on his Company's Computer's because they already had a full version installed, as instructed by the products instructions (exhibit A)

⑤ The (EULA) leads the plaintiff to conclude and or to belive that he can use the XP product for <u>30 day's</u> before activation.

⑥ The (EULA) leads the plaintiff to conclude and or to belive that he can re-install the XP product because he replaced his hardware (hard drive)

⑦ The (EULA) leads the plaintiff to conclude and or to belive that he can activate the XP product with his separate license that came with his computer thru activating the product after the <u>30 day limit</u> has expired, his original Certificate of Authenticity (C.O.A) on a sticker and lable on his computer.

⑧ The product CD (exhibit A) even read's "<u>All use</u> subject to volume license agreement," meaning more than one use and can be activated with other license (C.O.A), which is a false decripiton based on the E-mail (exhibit E) and even conteadict's the (EULA); Evidence at trial was that Kevin James re-installed the XP product which the trial Court did not refute, nor did Mr. James; Kevin James testafied to the fact he had the plaintiff clean the P.C.'s up, and the plaintiff testafied that he did clean up the computer's, from dust, grime and dirt, also by vacumming the P.C.'s to remove dust ect, from the fan's on each machine so they would run better and cooler, and that plaintiff charged $10 to $20 per machine depending on how dirty it was.

On September 25th 2008, a jury of 12 found the plaintiff guilty on the indictment's charged (exhibit's G, H); for his (fair use) of the Microsoft Windows product.

Also the State of Alabama was allowed by Microsoft, to change Microsoft's (EULA) to fit within the meaning's of the indictments (exhibit.K) which was ommitted into evidence at trial over the plaintiff's objection

Other evidence presented at trial which the State of Alabama refused to refute was the plaintiff testomonie that Officer Venita Edge who executed the search warrant, who told the plaintiff that she (Edge) <u>did not</u> care about Microsoft or its product, but that <u>she did what she wanted to do.</u>

## Statement of Claim

Plaintiff brings this Complaint pursuant to 15 U.S.C. § 1125(a) and Section 43(a) of the Lanham Act, under False advertising and unfair practices; and Trade Regulations.

The Lanham Act imposes liability on any person who, in connection with any goods ... uses in Commerce any word, term, name ... or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person[.]

King v. AMES 179 F.3d 370 (5th Cir. 1999)

The Supreme Court of Puerto Rico also relied extensively on Greenman as it identified (3) three types of product defects that could result in strict products liability: which are; Manufacturing defects; design, defects; and defects arising from "inadequate" warning's or (Instruction's); Greenman v. Yuba Power Products, INC., 59 Cal.2d 57, 27 Cal. Rptr. 697, 377 P.2d 897, 901 (1963)

① The (EULA) (exhibit B) instruct's and informs the plaintiff that he has a 30 day limited use of the XP product, this is a false and misleading instruction, because the plaintiff was found guilty by a Court of law for useing the XP product as it instructs him to do, and for his fair use of the product, before mandatory activation, his privacy was invaded, his property seized and he was humilliated, because he was in his 18ᵗʰ day of his 30 day limited use before mandatory activation,

② Again the (EULA) inform's the plaintiff that he may activate the product with a separate license for the product and or activate the product under a diffrent license key, this being done thru the activation process, this is misleading, and is a false instruction's on the part of Microsoft and the product and the (EULA), the plaintiff was found guilty for useing a un-activated Windows XP product, and could activate the product useing his original (C.O.A) that came with his P.C. at the end of the 30 day limited use of the product.

(3) Defendant Scott Stein a Microsoft representative, informed the Jefferson County Sheriff's department, (exhibit E) by E-mail, that the license Key provided with the XP product was only valid for one Machine, this is a false fact and a misleading fact, and at trial, Deputy Bridges agreed it was misleading and conflicts with the product's instructions (exhibit A) which clearly read it can be used on a Company (P.C's) with full version's of XP allready installed, meaning more than (1) this was an inadequate disclosure and a misrepresentation by defendant Scott Stein, furthermore being a legal counsel for Microsoft, he knows that diffrent products and product Key's have diffrent and many use's, so this representation was completely misleading and caused the Sheriff's department to execute a search warrant against the XP product which lead to (2) indictments and Criminal Conviction's and caused the plaintiff to be humilliated and his privacy invaded and the seizure of his personal property

(4) The instruction's that were supplied with the XP product (exhibit A) is misleading and false, the plaintiff allowed Kevin James to use the XP product, because he run's a Company, and his Company's Computer's allready had a full version of the product, this inadequate, and misleading instruction's and or lable caused the plaintiff to be Criminaly indicted, Convicted and humilliated and his property seized and his privacy invaded also without due process of law,

⑧

(5) The plaintiff used the XP product for it's intended use, and foreseeably how it could be used, furthermore, it had to be installed to a computer for it to even be used, which was the "proximate" cause of the plaintiff's convictions, and loss of his property, liberty and humilliation and invasion of his privacy.

(6) The XP product had to be installed to even accept or decline to accept the (EULA) and in order to use the XP product, a user had to use the product key that could be changed thru activation of the product, with the license key that came with the computer.

## Conclusion

The facts are, that the (EULA) contains false and misleading statements of fact and descriptions and contradicts with the products instructions, and mislead the plaintiff into beliveing he could use the XP product and change the license key with the license that originaly came with his computer (C.O.A), at the end of the <u>30 day limited</u> activation process.

Also the (EULA) reads that you may install one copy of the product only on (1) one computer.

This conflicts with the XP products instructions, (exhibit A) which say's a company may use it on its (P.C's) meaning more than (1) one, the instructions with the XP product conflict with the (EULA), the

9

instruction's are misleading and mislead the plaintiff into believeing he could allow Kevin James to use the XP product on his company computer's, and activate them with thier original (C.O.A) as well.

The plaintiff has been mislead by the Microsoft XP product's (EULA) and instruction's which influnced him into useing the XP product in the first place, the plaintiff was damaged by these inadequate instruction's in that he lost his liberty, property, was humilliated, and his privacy invaded due to the misleading instruction's and (EULA). The injury caused by the plaintiff's use of the XP product "CANNOT" be reversed, because of the product's false and misleading descriptions and the plaintiff has also lost his property without due process of law.

Microsoft and Bill Gates were the Copyright Owner's of the XP product at the time the plaintiff used the product in August 2007, (exhibit A) and Bill Gates refused to defend against his product see (exhibit L), and Microsoft is responceable for Scott Stein's action's and representation's of the XP product.

## Summary Judgment

The plaintiff hereby request and does demand a trial by jury in this case and

Cause. The plaintiff also seek's $10,000,000.00 ten million dollar's from each defendant and for each indictment in (exhibits G, H) and seperatly from each defendant, the defendants also should be ordered to pay the plaintiff the sum of $50,000,000.00 fifty million dollar's in punitive damages for the liberty intrest he lost due to looseing his freedum and useing the defendant's XP product based on a fair use standard.

    The plaintiff also seek's an injunction requiring that all of Microsofts product's include that Microsoft reserves the right's soly to procute cinily or criminaly as owner of it's Copyrights.
    The plaintiff also seek's attorney fee's under 1981 §, and such other relief that this Honorable Court deem's just and proper in this case and cause.

    Wherefore for the above stated reason's, the plaintiff also states under the penalty of perjury that the above statement and claim's are true and correct to the best of his Knowledge and belief.

Sworn to before me
this <u>29th OCTOBER 2008</u>
by <u>Roger Irwin Tyree</u>
      Notary Public
_____

my comission expires on

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 16, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Exhibit List
① A, XP Product C.D.
② B, (EULA) Microsoft
③ C, Search warrant
④ D, Search warrant affidavit
⑤ E, E-Mail / Scott Stein
⑥ F, Property Sheet
⑦ G, Indictment
⑧ H, Indictment
~~⑨ I, Conviction sheet~~
~~⑩ J, Conviction sheet~~
⑨ K, States (EULA) revised
⑩ L, Attorney's letter

Respectfully Submitted
by <u>Rodney Alverson</u> affiant
Pro'se            plaintiff
29769    6B-10
809 21st North
Birmingham Alabama
           35203

Defendant's address:-

① Microsoft Corporation
② Bill Gates
③ Scott Stein
One Microsoft Way
Redmont, Washington
          98052-7329